I represent Nathaniel Buckley, who is the plaintiff appellant, and he is present in the courtroom today. And I want to introduce my co-counsel in the trial courts, Michael Kuzma and Dare Brian Irwin. And Mr. Ostrowski, just for the record, I note that the appellee's chair is empty, so you can feel free to take all your time or not. Thank you, Your Honor. It's interesting that you just mentioned pendent jurisdiction, because as I look over this case, I really think that ideally, after the federal claims were dismissed, this should have been sent back to the state courts. And the reason I say that is because the New York common law on malicious prosecution is no offense to the New York courts, kind of a mess, it's very confusing. There's very little guidance, including on the issues that are directly relevant here, and frankly, a policy decision has to be made on malicious prosecution. And since we're in federal court, this court has to make those policy judgments. Are we going to make it easier to sue for malicious prosecution or harder? And I would submit that if this case went back to the state courts, and since it hasn't, and I'm here right now, we'd make it way too easy to charge people with crimes, and we make it very, very difficult for those innocent victims to seek redress in the courts. Why is it that you sued only allied, well, the non-official entities here, that is, Allied Barton Security Services and some individuals? That's true, Your Honor. Why? I don't want to get into your mind. No, there were other parties who dropped out. So now where we are is just Allied Barton Security Services and some employees? Right. Well, interestingly enough, Your Honor, they're where the problem started. They're the ones who called the police. They're the ones who supplied information to the other parties who are no longer in this case. So, again, as a policy... So I'd say, would you just educate me, since when did calling the police give rise to a form of malicious prosecution? It doesn't, Your Honor, but Mr. Reese signed the information, which under the New York Criminal Procedure Law initiates a prosecution. So how can it be said in the court below that Mr. Reese did not participate in the initiation of a prosecution? And this is my very point. The New York Court of Appeals, in a case we cited, stated, we haven't really defined what it means to initiate a prosecution. So, again, ideally, this case should be reversed and remanded, go back to the state courts, where we will say, you need to allow people to sue. There are way too many misuses of the courts by neighbor disputes, marital disputes, commercial disputes, shoplifting, and that type of dispute, which heavily burdens the court. Burdened by two co-counselors who tried the case. Burdened the city court with a trial and hung jury. We need to make it easier to sue because it's extremely easy to disrupt Mr. Buckley's life by signing an affidavit saying, oh, I had personal knowledge. But getting back to Judge Loyer's question, you said the other defendants dropped out. You settled with them, right? So you didn't pick this as your primary party. This is the last one left. We sued all of the parties, Your Honor. And, again, I want to emphasize that the police were called. And in the decision of the trial judges, I think part of the decision was, well, they got information from Allied Barton. So Allied Barton really, ironically, if you will, they're the primary responsible parties. And let me just say, because I know my time is limited, that Judge Teleska, and I think maybe the court could issue a ruling on this basis alone, incorrectly stated that the objections were not specific. I counted them this morning. There's 11 specific references to the report and our objections. And one of those references was that Judge Romer completely ignored the numerous listing of incorrect information supplied by the Allied Barton defendants. So since Judge Romer applied a clear error standard, and that was a clear error, that can be basis for reversal in itself. Also, right at the beginning of Judge Teleska's decision, where he lists the issues raised and the objections, frankly, I read it this morning. I said, oh, boy, did I forget something here? Did I not, in our objections, talk about the issue of initiation of the case? And no, I didn't. It's just that Judge Teleska, who really only spends two paragraphs on this state law issue that really should have been remanded, didn't correctly list that issue. So Judge Romer didn't grapple with an extremely complicated record of affirms on the basis of the trial counsel's affidavit, no affidavit from his clients in response to our 28 lists of errors. Again, there were plenty of errors in the record. Well, just to be clear on the specific point that I think you're raising with us, there's considerable confusion in New York State law about when a private party is responsible for a malicious prosecution in the sense that the private party has somehow influenced the police to do something. But your point here is that in this case, that's not the problem. This is not the case where the police officer swore out a complaint that's based in some way or alludes somehow to something that the private defendant did, at least with respect to Mr. Reese. Mr. Reese himself signed the charging instrument, says that he was present in person for certain events that he acknowledged in his deposition he was not present for that are highly relevant to the probable cause determination. Is that a short, simple statement of your claim? That's a short point one right out of the CPL. Point two is when incorrect information is provided to the police, the police's independent ability to make a decision is removed, and that's when this court making a policy decision on this important cause of action should say that's initiation. But as a matter of New York State law, is it – I mean, I'm not sure – I mean, I've not dealt with these kinds of complaints very often in my prejudicial life, but is it your understanding of New York State law that this is not a case where technically the police made a decision to go forward at all, that Mr. Reese's complaint is what starts the prosecution, whether the police like it or not? It does start the prosecution, and that's just exactly right out of the Cronin procedure. And maybe the police did like it or the police said, hey, why don't you fill this out or whatever, but he did it. He made the choice to – not just to press charges in some generic sense, but specifically to institute this prosecution. And also using a load of false information, which also proves malice, Your Honor. Thank you, Your Honor. I see my time is up. Thank you very much. We'll reserve the decision.